An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES A. SCHOLL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61543

**FILED**

JUN 2 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant James A. Scholl's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Scholl contends that the district court erred by denying his petition, which included claims of ineffective assistance of counsel. A petitioner alleging ineffective assistance of counsel must demonstrate that counsel's performance fell below an objective standard of reasonableness and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). The district court conducted two evidentiary hearings.

First, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to present evidence that the State's key witness, Kregg Nettrour, expected to receive a $20,000 reward for reporting the crime. Scholl also contends that appellate

SUPREME COURT
OF
NEVADA

(O) 1947A

15-19357

counsel was ineffective for failing to raise the issue on appeal or move for a new trial. Scholl failed to demonstrate deficiency or prejudice. After testimony at the evidentiary hearing and supplemental briefing on the issue, the district court found it was "unclear" exactly when Nettrour learned of the $20,000 reward, but strong evidence indicated he learned of it *after* trial and Scholl failed to demonstrate otherwise.[1] Therefore, no valid basis existed upon which trial or appellate counsel could have successfully challenged his conviction. We conclude that the district court did not err by denying this claim.[2]

Second, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to suppress clothing obtained from an illegal search of his backpack and appellate counsel was ineffective for failing to raise the issue on appeal. Scholl failed to demonstrate deficiency or prejudice. At the evidentiary hearing, Scholl's trial attorneys explained that, in their view, the examinations of Scholl's clothing were favorable to the defense. Thus, at trial, counsel conceded that Scholl consented to the search. *See Evans v. State*, 117 Nev. 609, 622, 28 P.3d 498, 508 (2001); *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). The district court also found that Scholl consented to the search and Scholl fails to demonstrate that this finding is clearly

---

[1]Nettrour did not testify at the evidentiary hearing.

[2]For the same reasons, we reject Scholl's contention that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963).

erroneous.[3] We conclude that the district court did not err by denying this claim.

Third, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to remove a biased juror and appellate counsel was ineffective for failing to raise the issue on appeal. Scholl failed to demonstrate deficiency or prejudice. Although the juror stated that she had formed an opinion of Scholl's guilt, she also recognized that she did not have all of the facts. *See Irvin v. Dowd*, 366 U.S. 717, 722 (1961). One of Scholl's trial attorneys testified that she made a strategic decision to keep the juror because the juror had admitted that she formed an opinion and counsel believed that such jurors were the most fair and counsel felt that the juror would advocate against death. We conclude that the district court did not err by denying this claim.

Fourth, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to challenge the broadcasting of his trial online and appellate counsel was ineffective for failing to raise the issue on appeal. Scholl also contends that counsel should have challenged the trial court's failure to instruct witnesses not to watch the broadcast because he had invoked the witness exclusion rule. Scholl failed to demonstrate deficiency because he did not show that counsel could have successfully excluded the media. Scholl also failed to demonstrate prejudice because there is no indication in the record that any of the witnesses watched the broadcast. We reject Scholl's assertion

---

[3]We note that only one article of clothing appears to have been obtained from Scholl's backpack. Scholl fails to explain the basis upon which the other articles of clothing could have been suppressed.

that we should presume witnesses watched the broadcast and tailored their testimony to fill the gaps in the State's case. *See Skilling v. United States*, 561 U.S. 358, 382 (2010). We conclude that the district court did not err by denying this claim.

Fifth, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for stipulating to the admission of a report without confronting its author. Scholl failed to demonstrate deficiency or prejudice. Trial counsel testified that they made a strategic decision to stipulate to admission of the report because its findings were favorable to the defense and they did not want to give its author a chance to skew them in favor of the State. We reject Scholl's assertion, made with the benefit of hindsight, that this strategy was unreasonable because the State argued that the report was incriminating. *See Evans*, 117 Nev. at 622, 28 P.3d at 508. We also reject Scholl's assertion that trial counsel were ineffective for failing to obtain his permission before waiving his right to confront the author of the report. *See Wilson v. Gray*, 345 F.2d 282, 286 (9th Cir. 1965) ("It has been consistently held that the accused may waive his right to cross examination and confrontation and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy."); *accord United States v. Plitman*, 194 F.3d 59, 64 (2d Cir. 1999). We conclude that the district court did not err by denying this claim.

Sixth, Scholl asserts that the district court erred by denying his claim that trial counsel were ineffective for failing to challenge "lost" evidence and appellate counsel was ineffective for failing to raise the issue on appeal. Scholl contends that law enforcement officers "lost" his clothing when they placed it on the floor because it became contaminated.

*See Leonard v. State*, 114 Nev. 1196, 1206, 969 P.2d 288, 294 (1998). Scholl failed to demonstrate deficiency. Scholl's arson expert testified at the evidentiary hearing that it was "virtually impossible" for the clothing to become contaminated simply by placing it on the floor. Scholl failed to demonstrate that the clothing was "lost," that law enforcement lost the clothing in bad faith, or that he was prejudiced. *Id.* We therefore conclude that the district court did not err by denying this claim.

Seventh, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to object when the State gave inadequate endorsement information regarding its experts and appellate counsel was ineffective for failing to raise the issue on appeal. Scholl failed to demonstrate deficiency or prejudice. Regardless of any statutorily inadequate disclosures, one of Scholl's trial attorneys explained that they wanted the State's experts to testify because their findings were favorable to the defense. Although Scholl asserts that counsel should have objected when the experts testified inconsistently with the endorsement information provided by the State, he failed to establish that an objection on this basis would have been successful or that the result of trial would have been different. We conclude that the district court did not err by denying this claim.

Eighth, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to prevent the admission of "perjured testimony" and appellate counsel was ineffective for failing to raise the issue on appeal. The district court denied this claim because Scholl failed to demonstrate that any witnesses committed perjury. This finding is not clearly erroneous and therefore we conclude that the district court did not err by denying this claim.

Ninth, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to object to the introduction of prior bad act testimony and appellate counsel was ineffective for failing to raise the issue on appeal. Scholl contends that counsel should have objected when law enforcement officers testified that they (1) matched a recovered palm print to Scholl's, which was on file with LVMPD, and (2) ran Scholl's name through SCOPE and got a "hit." Scholl failed to demonstrate deficiency or prejudice. Regarding the palm print, testimony established that it was obtained when Scholl was taken into custody in this case and therefore the comment did not reference a prior bad act. Regarding the SCOPE "hit," we agree with the district court that the statement was vague and there is not a reasonable probability that an objection would have changed the result at trial. We conclude that the district court did not err by denying this claim.

Tenth, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to object to numerous instances of prosecutorial misconduct and appellate counsel was ineffective for failing to raise the issue on appeal. Scholl failed to demonstrate that the prosecutor committed misconduct and that he would have been entitled to relief. We conclude that the district court did not err by denying this claim.

Eleventh, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to retain an arson expert. Scholl failed to demonstrate deficiency or prejudice. At the evidentiary hearing, trial counsel testified that they retained an expert in forensics generally but opted not to present his testimony or seek out an arson expert because they believed the State's reports were favorable to

the defense and they could demonstrate this through cross-examination. The arson expert testified at the evidentiary hearing that the reports were mostly favorable to the defense and that counsels' cross-examinations were generally effective. Although the expert felt that the State's witnesses misstated certain facts, he admitted that their testimony was mostly accurate. We conclude that the district court did not err by denying this claim.

Twelfth, Scholl contends that the district court erred by denying his claim that trial counsel were ineffective for failing to investigate and present evidence regarding (1) a missing patch of hair on his arm, (2) the first cab driver to leave the night club, (3) his "Asian mafia" defense, (4) the $20,000 reward, (5) the gasoline used to commit the crime, and (6) the "lost" clothing. Scholl failed to present the evidence that a more adequate investigation would have revealed and did not demonstrate that a reasonable probability existed that such evidence, if presented, would have changed the result at trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We conclude that the district court did not err by denying this claim.

Thirteenth, Scholl contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to challenge the trial court's failure to suppress an unreliable identification.[4] Scholl failed to demonstrate deficiency because appellate counsel

---

[4]Scholl also argues that appellate counsel should have challenged the trial court's failure to grant a motion for a mistrial. We decline to consider this assertion because it is not supported by legal authority. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

challenged the reliability of the identification generally and argued that it violated his right to due process. Scholl also failed to demonstrate prejudice. The witness only stated she was "fairly" certain that Scholl was the man she had seen the previous day because his physical characteristics fit those she had given to law enforcement. Her testimony was supported by testimony that Scholl had said he was capable of committing a crime similar to the one that occurred and testimony that Scholl confessed. We conclude that the district court did not err by denying this claim.

Fourteenth, Scholl contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to raise numerous instances of judicial bias. Scholl fails to demonstrate that the judge was biased or that he would have been entitled to relief. We conclude that the district court did not err by denying this claim.

Fifteenth, Scholl contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to argue that he was prejudiced by the admission of autopsy photographs of the victim alongside photographs of him in handcuffs. The district court denied this claim because appellate counsel challenged the photographs of Scholl on appeal and this court concluded that they were properly admitted. The district court also found that the photographs of the victim were properly admitted and therefore this claim would not have been successful on appeal. We agree. We reject Scholl's assertion that the photographs of the victim were irrelevant because the cause of death was not disputed. *See Doyle v. State*, 116 Nev. 148, 161, 995 P.2d 465, 473 (2000). We conclude that the district court did not err by denying this claim.

Sixteenth, Scholl contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to argue that the trial transcripts were incomplete. Scholl failed to demonstrate that this claim would have been successful on appeal because he failed to show that any of the missing portions of the record precluded meaningful appellate review. *See Preciado v. State*, 130 Nev., Adv. Op. 6, 318 P.3d 176, 178 (2014). We conclude that the district court did not err by denying this claim.

Having considered Scholl's contentions and concluded that no relief is warranted,[5] we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Linda Marie Bell, District Judge
     Oronoz & Ericsson
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[5]Scholl also contends that cumulative error entitles him to relief. We conclude that no relief is warranted on this claim.

SUPREME COURT
OF
NEVADA

(O) 1947A