An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NICHOLAS B. HOWARD, A/K/A
NICHOLAUS B. HOWARD,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67169

FILED

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Nicholas Howard's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Howard contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting *Strickland*). We give deference to the district court's factual findings but review the court's legal conclusions de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). The district court conducted an evidentiary hearing, where trial counsel, Howard, and numerous other witnesses testified.

First, Howard contends that the district court erred by denying his claim that trial counsel was ineffective for presenting evidence that he was a pimp and he entered the hotel room in question to collect a debt owed by the victim. The district court denied this claim because trial

SUPREME COURT
OF
NEVADA

(O) 1947A

15-34651

counsel testified at the evidentiary hearing that Howard wanted this defense to be presented. *See Ybarra v. State,* 127 Nev., Adv. Op. 4, 247 P.3d 269, 276 (2011) (giving deference to the district court's credibility determinations). The district court also noted that Howard was caught on video entering the room and exiting with the property and therefore had limited defenses available. Therefore, Howard fails to demonstrate that the district court erred by denying this claim.

Second, Howard contends that the district court erred by denying his claim that trial counsel was ineffective for failing to argue that he did not have the requisite intent for burglary. The district court denied this claim because counsel argued that Howard was not guilty of burglary on a theory which incorporated this argument and his strategic decision on which defense to present was entitled to deference. *See Strickland,* 466 U.S. at 689; *Lara v. State,* 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (explaining that "trial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances" (internal quotation marks omitted)). The district court also noted that the jury was properly instructed on the elements of burglary and the result of trial would not have been different had counsel made this argument more explicitly. Therefore, Howard fails to demonstrate that the district court erred by denying this claim.[1]

---

[1]We decline to consider Howard's contention that the district court erred by denying his claim that counsel was ineffective for failing to request an instruction regarding trespass because it is not supported by sufficient argument. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Third, Howard contends that the district court erred by denying his claim that trial counsel was ineffective for failing to review unedited surveillance footage. The district court denied this claim because counsel testified that he reviewed the footage and concluded it was not helpful. Howard has not provided the unedited footage on appeal and does not explain how it would have helped his case or led to a different result at trial. Therefore, he fails to demonstrate that the district court erred by denying this claim.

Fourth, Howard contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate and call certain witnesses to support his theory of defense. Howard does not explain what information the witnesses would have provided or how their testimony would have changed the result at trial. Therefore, he fails to demonstrate that the district court erred by denying this claim.

Fifth, Howard contends that the district court erred by denying his claim that trial counsel was ineffective for (1) failing to obtain and review the recorded statement of Shameka McDonald, (2) waiving objection to the State's failure to produce McDonald's statement, and (3) failing to request a "*Sanborn*" instruction. Howard does not explain how he was prejudiced by the failure to obtain the statement, particularly given that counsel spoke with McDonald personally and concluded that the information she possessed was more harmful than helpful. In addition, Howard has not identified the instruction counsel should have requested, let alone pointed to any law establishing that he was entitled to such an instruction. Therefore, he fails to demonstrate that the district court erred by denying this claim.

Having considered Howard's contentions and concluded they lack merit, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:    Hon. Susan Johnson, District Judge
Bush Law Group, LLc
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Howard also contends that cumulative error warrants relief. Because we have found no error, there are no errors to cumulate.