An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICARDO A. IRIVE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67043

**FILED**

DEC 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Ricardo Irive argues that the district court erred in denying his claim that trial counsel provided ineffective assistance during plea negotiations. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Irive argues that trial counsel was ineffective for failing to inquire about and communicate to him the expiration date of a plea offer,

15-38782

which prevented him from accepting the offer before it was withdrawn by the State. At the evidentiary hearing, trial counsel testified that she informed Irive of the plea offer but advised him to give her time to investigate whether the plea offer would be beneficial before he considered accepting the offer. Trial counsel further testified that the prosecutor never explicitly provided an expiration date for the plea offer and that her conversations with the prosecutor left her with the impression that the plea offer would be available until trial. The district court determined that trial counsel's advice to Irive, decision to investigate, and belief as to when the plea offer would expire were reasonable in light of counsel's ongoing negotiations and communications with the prosecutor. We conclude that the district court's findings were not clearly erroneous and that substantial evidence supports the district court's decision that trial counsel's performance was reasonable. *See Strickland*, 466 U.S. at 689; *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (explaining that "trial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances" (internal quotation marks omitted)). Accordingly, we conclude that the district court did not err in denying this claim, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Kathleen E. Delaney, District Judge
Law Office of Kristina Wildeveld
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk