IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS GONZALAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69015

FILED

DEC 1 5 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Luis Gonzalas's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Gonzalas argues that he received ineffective assistance from his trial counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

Gonzalas first argues that counsel should not have opened the door to bad character evidence by praising his good character. The district

16-38977

court's finding that counsel made a strategic choice is supported by the record, and Gonzalas has not shown that the district court's finding is not entitled to deference or that extraordinary circumstances warrant a challenge to counsel's strategic choice. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) ("[T]rial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). Gonzalas has not shown prejudice when he conceded that he shot the victim and contrasting his good character with the victim's violent character was critical to his self-defense claim. *See* NRS 200.200(1). Accordingly, we conclude that Gonzalas has not shown that trial counsel was ineffective and that the district court therefore did not err in denying this claim.

Second, Gonzalas argues that counsel should have timely noticed potential defense witness Mr. Contreras. The district court found that this witness's anticipated testimony would have addressed topics discussed by other witnesses. Gonzalas has not shown that this finding is not entitled to deference. We note that Contreras was not a witness to the incident itself. While counsel may have performed deficiently in failing to timely notice this witness before trial, we conclude that Gonzalas has not shown prejudice when several other witnesses testified regarding the same aspects of the victim's character such that Contreras's testimony would have been duplicative. *See Elam v. Denney*, 662 F.3d 1059, 1065 (8th Cir. 2011) (observing that the "failure to present cumulative evidence does not constitute ineffective assistance of counsel" (quotation marks omitted)). The district court therefore did not err in denying this claim.

Third, Gonzalas argues that counsel should have located potential defense witness Mr. Castillo, who provided a pretrial statement

supporting the defense theory of the case. The district court's findings that counsel made extensive efforts to locate Castillo and that Castillo was anticipated to offer duplicative testimony on the victim's violent character and was not present at the shooting are supported by the record, and Gonzalas has not shown that these findings are not entitled to deference. We conclude that Gonzalas has not shown that counsel's performance was objectively unreasonable or that there was a reasonable probability of a different outcome had counsel introduced this duplicative testimony. The district court therefore did not err in denying this claim.

Fourth, Gonzalas argues that cumulative error warrants relief. Even assuming that counsel's instances of deficient performance may be cumulated, see McConnell v. State, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009), Gonzalas identified only one potential deficiency and thus has not demonstrated multiple deficiencies to cumulate. .

Having considered Gonzalas's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:  Hon. William D. Kephart, District Judge
     Law Office of Lisa Rasmussen
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk