# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SHAWN BRIENT PRITCHETT,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 68533 |



FILED

FEB 16 2017

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Shawn Brient Pritchett's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Pritchett argues that he received ineffective assistance from his trial counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is

strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

Pritchett first argues that counsel should not have opened the door to evidence of his coperpetrator's guilty plea. During the trial and the postconviction evidentiary hearing, trial counsel discussed their trial strategy, in light of the considerable evidence against Pritchett, to stress the coperpetrator's involvement to suggest that Pritchett was merely an accessory after the fact and not a direct participant in Larry Thomas's murder. The district court found that this was counsel's tactical decision. Substantial evidence supports these findings, and we conclude that Pritchett has not shown that the district court's findings are not entitled to deference or that trial counsel's tactical decision fell below an objective standard of reasonableness, *see Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) ("[T]rial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). Further, as we determined on appeal, overwhelming evidence supports Pritchett's guilt, *Pritchett v. State*, Docket No. 57291 (Order of Affirmance, May 10, 2012), and Pritchett therefore failed to show prejudice. Accordingly, we conclude that the district court did not err in denying this claim.

Next, Pritchett asserts that he had a conflict of interest with counsel that gave rise to ineffectiveness and that counsel should have fully investigated the case and litigated all pretrial and trial decisions. Pritchett does not support these claims with cogent argument, supporting authority, or record citations, and we therefore decline to address them. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Also, Pritchett argues that the district court should have considered grounds 25-38—which the district court concluded should have been raised on direct appeal—as claims of ineffective assistance of appellate counsel. Pritchett has not identified the arguments raised in these grounds, argued why the district court should have so considered them, or provided supporting authority, and we therefore decline to address this claim. *See id.*

Lastly, Pritchett argues that cumulative error warrants relief. Even assuming that instances of counsel's deficiency may be cumulated for purposes of establishing prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Pritchett fails to identify any instances of deficient performance to cumulate.

Having considered Pritchett's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Elissa F. Cadish, District Judge
        Nguyen & Lay
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

