# IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS ALONSO HIDALGO, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71458

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Luis Alonso Hidalgo, Jr.'s postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Hidalgo argues that he received ineffective assistance of trial and appellate counsel and that the district court erred in denying his petition without an evidentiary hearing. We disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103

18-10319

P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Hidalgo first argues that trial counsel should not have arranged for a joint defense agreement, which created an impermissible conflict of interest when a codefendant pleaded guilty and testified against him. Hidalgo was charged with two codefendants, each of whom had independent counsel, and they executed a joint defense agreement. One codefendant pleaded guilty before trial and testified on behalf of the State. The district court conducted an extensive conflicts hearing, in which Hidalgo waived any conflict arising out of the joint defense agreement, after a thorough canvass regarding its risks and consequences, consulting with independent counsel, and strongly asserting his desire to proceed with his current representation. We conclude that Hidalgo knowingly, intelligently, and voluntarily waived any conflict, *see Ryan v. Eighth Judicial Dist. Court*, 123 Nev. 419, 429-30, 168 P.3d 703, 710-11 (2007) (holding that defendants must be advised of right to conflict-free representation, advised to seek advice from independent counsel on the matter, and canvassed on their waiver), and thus has failed to show that trial counsel performed deficiently in this regard. Hidalgo's claim that the joint defense agreement hindered the cross-examination of the former codefendant who testified against him is a

bare claim that fails because he did not identify any matters that counsel was unable to raise in cross-examination and counsel thoroughly cross-examined the former codefendant at trial. *Cf. United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000) (holding joint defense created a disqualifying conflict where counsel was unable to cross-examine on *specific matters* that were learned of through the joint defense agreement). Furthermore, Hidalgo has not shown that the former codefendant's mistaken understanding of certain procedural aspects of the defense renders Hidalgo's counsel's performance objectively unreasonable because a codefendant's misunderstanding of counsel's tactics does not establish that the tactics were unreasonable, particularly where the codefendant had her own counsel. Moreover, Hidalgo has not shown that the mistaken beliefs led to the former codefendant's testifying against him where she testified that she received a very favorable plea offer. And Hidalgo's claim that trial counsel failed to fully fund the defense of his codefendants pursuant to the joint defense agreement is belied by the record. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hidalgo next argues that trial counsel should not have agreed to a fee arrangement that created a conflict of interest because it was unreasonably favorable to counsel. To fund his defense and that of his two codefendants, Hidalgo offered to transfer real property and certain limited liability corporations to counsel as a lump-sum payment to cover all costs and attorney fees. Hidalgo retained independent counsel to assist with the transactions. While unorthodox, Hidalgo has not shown that the fee agreement presented a conflict of interest by virtue of the value of the assets conveyed or the contemporaneous consultancy agreement by which counsel

paid Hidalgo monthly for a fixed term. Hidalgo fails to identify anything about these agreements to support a conflict of interest based on a theory that they divided counsel's loyalties or aligned counsel's interests adversely to Hidalgo's in the litigation. *See Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992) ("An actual conflict of interest which adversely affects a lawyer's performance will result in a presumption of prejudice to the defendant. . . . In general, a conflict exists when an attorney is placed in a situation conducive to divided loyalties." (internal quotation marks omitted)); *see also United States v. Perez*, 325 F.3d 115, 125 (2d. Cir. 2003) (discussing instances where counsel had an unwaivable conflict of interest). Hidalgo's argument that the constellation of transactions violated RPC 1.8(a) fails to establish ineffective assistance of counsel, *see Nix v. Whiteside*, 475 U.S. 157, 165 (1986) (holding that a breach of professional conduct standards does not necessarily constitute ineffective assistance), and, to the extent that Hidalgo has any claims against counsel regarding the arrangement, a habeas proceeding is an inappropriate venue for such litigation. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hidalgo next argues that counsel should not have withdrawn his opposition to the State's motion to consolidate his case with that of his codefendants. The record shows that this was a tactical concession made in exchange for the State's rescinding its notice of intent to seek the death penalty. Hidalgo has failed to show that counsel's tactical decision was objectively unreasonable because only 14% of capital trials yield a death sentence and there was a risk of spillover evidence, particularly when both codefendants were charged as coconspirators in a murder and the jury could

clearly compartmentalize the evidence against each codefendant. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) ("[T]rial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted); *Rowland v. State*, 118 Nev. 31, 46, 39 P.3d 114, 123 (2002) (rejecting application of the "spillover" theory where jury could compartmentalize evidence against each codefendant, conspiracy charge involved inferring conspiracy from the parties' conduct, and increased chance of acquittal is an insufficient basis for severance). Further, the record belies that Hidalgo and his codefendant had antagonistic defenses. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hidalgo next argues that appellate counsel should have raised several hearsay challenges. Mr. Zone's testimony—and Detective McGrath's testimony about the same comment—that another person said "if you don't tell the truth, we're going to jail," was not offered for the truth of the matter asserted, but to show its effect on the listener, and was thus admissible as non-hearsay. *Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990). A hearsay argument therefore would have failed, and appellate counsel is not ineffective in failing to pursue meritless claims. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Hidalgo argues that cumulative error warrants relief. Even if multiple instances of deficiency in counsel's performance may be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009), Hidalgo has

failed to identify any deficient performance to cumulate. The district court therefore did not err in denying this claim.

Having considered Hidalgo's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Valerie Adair, District Judge
McLetchie Shell LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk