# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERMAINE JAMAICA CAMPBELL, SR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75123

FILED

JUL 1 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

Appellant Jermaine Campbell, Sr. argues that the district court erred in denying claims of ineffective assistance of counsel. "A claim of ineffective assistance of counsel presents a mixed question of law and fact, subject to independent review," *Evans v. State*, 117 Nev. 609, 622, 28 P.3d 498, 508 (2001), *overruled on other grounds by Lisle v. State*, 131 Nev. 357, 366 n.5, 351 P.3d 725, 732 n.5 (2015), but the district court's purely factual findings are entitled to deference, *Lara v. State*, 120 Nev. 177, 179, 87 P.3d 528, 530 (2004). To prove ineffective assistance, a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness (deficient performance) and (2) a reasonable probability of a different outcome but for counsel's deficient performance (prejudice). *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987-88, 998, 923 P.2d 1102, 1107, 1114 (1996). The petitioner must demonstrate the facts underlying his claims by a preponderance of the evidence. *Means v. State*, 120 Nev. 1001, 1012, 103 P.25, 33 (2004).

First, appellant argues that counsel should have challenged Ashley Loftis' consent to the search of the apartment she shared with appellant because she was under the influence of drugs when the police obtained her consent. We conclude that appellant failed to demonstrate

SUPREME COURT
OF
NEVADA

(O) 1947A

19-29284

deficient performance. Medical records showed that Loftis had used drugs before police sought her consent to search the apartment she shared with appellant. However, neither the transcript of the motion to suppress nor the testimony at the evidentiary hearing demonstrated that she was so intoxicated as to render her consent involuntary. *See McMorran v. State*, 118 Nev. 379, 383, 46 P.3d 81, 83 (2002) ("A search pursuant to consent is constitutionally permissible if the State demonstrates that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." (internal quotation marks omitted)). Therefore, the district court did not err in denying this claim.

Second, appellant argues that postconviction counsel operated under a conflict of interest. Appellant sought new counsel in the district court because he did not trust his counsel or believe him competent. We discern no abuse of discretion in the district court's denial of that request. *See Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004) (reviewing denial of a motion for substitution of counsel for an abuse of discretion). As postconviction counsel was not appointed pursuant to a statutory mandate, appellant did not have the right to effective assistance of counsel or the right to counsel of choice. *See Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014).

Third, appellant argues that counsel failed to inform him that he could be convicted of trafficking on a theory of constructive possession. He asserts that had counsel done so, he would have accepted a favorable plea offer. We conclude that substantial evidence supports the district court's conclusion that appellant failed to demonstrate that counsel convinced him to reject the plea offer. An attorney who represented appellant before trial testified that he discussed appellant's proposed defense that he did not own the drugs and concluded that it was not viable

under Nevada law or the evidence against appellant. Trial counsel testified that he would have communicated all plea offers to appellant, and appellant agreed that the offer had been communicated. Counsel did not tell appellant to reject the plea offer. To the extent that appellant's testimony contradicted that of his counsel, it was for the district court to assess the relative credibility of each witness, and that determination receives substantial deference on appeal. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981). The district court did not err in denying this claim.

Lastly, appellant argues that trial and appellate counsel were ineffective as to the sentencing hearing and not challenging the sentence on appeal based on inadequate jury instruction. Appellant did not raise this claim in his petition and we decline to consider it for the first time on appeal. *See McNelton v. State*, 115 Nev. 396, 416, 990 P.2d 1263, 1276 (1999).

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.   _____, J.
Stiglich             Silver

cc: Hon. Egan K. Walker, District Judge
   Karla K. Butko
   Attorney General/Carson City
   Washoe County District Attorney
   Washoe District Court Clerk