# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON JOVAN HILL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78862

FILED

MAR 26 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge.

Appellant Brandon Jovan Hill argues that (1) trial counsel was ineffective, (2) the district court abused its discretion by denying his petition without conducting an evidentiary hearing, and (3) the cumulative deficiencies of his counsel's performance warrant reversal.

"A claim of ineffective assistance of counsel presents a mixed question of law and fact, subject to independent review," *Evans v. State*, 117 Nev. 609, 622, 28 P.3d 498, 508 (2001), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 366 n.5, 351 P.3d 725, 732 n.5 (2015), but "the district court's purely factual findings . . . are entitled to deference," *Lara v. State*, 120 Nev. 177, 179, 87 P.3d 528, 530 (2004). To prevail on a claim of ineffective assistance of counsel, "[t]he petitioner must demonstrate (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense." *Rippo v. State*, 134 Nev. 411, 423, 423 P.3d 1084, 1098 (2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Both showings must be made before counsel can be deemed to

21-08717

have provided ineffective assistance . . . ." *Id.* "[A] defendant is prejudiced by his counsel's deficient performance if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (internal quotation marks omitted). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

First, Hill argues that counsel did not adequately prepare for his defense or investigate his case. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Our review of the record revealed no ineffectiveness with respect to counsel's investigation or preparation for trial. Thus, we affirm the district court's denial of Hill's petition on this ground.

Second, Hill argues that counsel was ineffective for failing to call a rebuttal expert witness to challenge the State's DNA evidence. A petitioner alleging ineffective assistance of counsel for failure to procure expert testimony must "allege specifically what the[ ] expert[ ] could have done to make a different result reasonably probable." *Evans*, 117 Nev. at 645, 28 P.3d at 522. Our review of the record revealed no ineffectiveness with respect to trial counsel's decision not to call a rebuttal expert witness. Although Hill cites persuasive authorities to show that DNA analyses can have errors, he does not allege that any errors occurred in this case. Thus, Hill has failed to show how his own expert witness could have made a

different result reasonably probable. Thus, we affirm the district court's denial of Hill's petition on this ground.[1]

Third, Hill argues that counsel was ineffective for failing to file a pretrial motion to suppress evidence because officers unlawfully searched his person. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different . . . ." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Hill's appellate briefs omit the fact that officers attempted to stop him because he matched the description of a robbery suspect. Thus, the record belies Hill's argument that the search was unlawful. *See United States v. Cortez*, 449 U.S. 411, 417-18 (1981) (noting that reasonable suspicion is an "elusive concept," but it requires "that the totality of the circumstances" show that "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity"). Thus, we affirm the district court's denial of Hill's petition on this ground.

Fourth, Hill argues that counsel was ineffective for failing to seek a pretrial lineup so that in-court identification of him at trial would

---

[1]Hill also argues that counsel's limited cross-examination of the State's DNA expert witness was ineffective. We defer to the district court's finding that the limited cross-examination was a strategic decision based on the exceedingly minimal likelihood that the DNA found near the victim's body did not match Hill's DNA. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (providing that counsel's strategic decisions are "virtually unchallengeable" in a postconviction petition for a writ of habeas corpus (internal quotation marks omitted)). Thus, we conclude that this argument is meritless.

have been nonsuggestive. "[A]n in-court identification of the defendant during trial can be challenged in two ways, either [(1)] because the in-court identification is itself improper, or [(2)] because it was contaminated by an improper out-of-court identification that occurred before trial." *Johnson v. State*, 131 Nev. 567, 575, 354 P.3d 667, 673 (Ct. App. 2015). Hill failed to cite to the record to show that any in-court identification of him was improper. He also failed to show how a pretrial lineup would have changed the outcome of the trial given the overwhelming DNA evidence the State presented. Thus, we affirm the district court's denial of Hill's petition on this ground.

Fifth, Hill argues that counsel was ineffective for conceding his guilt in closing argument without his consent. The United States Supreme Court recently held that counsel's choice to admit a client's guilt as a defense strategy against the client's objection is a violation of the Sixth Amendment constituting structural error. *See McCoy v. Louisiana*, ___ U.S. ___, ___, 138 S. Ct. 1500, 1510 (2018) ("[C]ounsel may not admit her client's guilt of a charged crime over the client's intransigent *objection* to that admission." (emphasis added)). The record does not show that Hill objected to counsel's use of the concession-of-guilt strategy, but whether he had an opportunity to object is unclear.

In any event, the State conceded at oral argument that the record was unclear as to whether there may have been an objection to the concession-of-guilt strategy by Hill and recommended remanding this case to the district court for an evidentiary hearing, effectively conceding that the district court abused its discretion by denying Hill's petition without holding one. A habeas petitioner "is entitled to an evidentiary hearing if he asserts claims . . . that, if true, would entitle him to relief." *Nika v. State*,

124 Nev. 1272, 1278, 198 P.3d 839, 844 (2008) (internal quotation marks omitted). As the State conceded, Hill may be entitled to relief if he objected to the concession-of-guilt strategy.[2] *See McCoy*, ___ U.S. at ___, 138 S. Ct. at 1510. We are in no position to ignore the State's concession that an evidentiary hearing is necessary to determine whether Hill objected. Thus, we reverse the district court's denial of Hill's petition on this ground. *See LeRoy G. v. State*, 98 Nev. 401, 402, 650 P.2d 809, 810 (1982) (remanding for further proceedings after the State conceded error and requested that this court reverse the district court's ruling).[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.          _____, J.
Stiglich                                        Silver

---

[2]Because we are remanding this case for an evidentiary hearing to determine whether Hill objected to counsel's use of the concession-of-guilt strategy, this disposition does not reach the issue of whether *McCoy* applies retroactively in a collateral proceeding.

[3]Hill also argues that this court should reverse based on the cumulative effect of multiple deficiencies in counsel's performance. Even assuming that multiple deficiencies could be cumulated here for purposes of showing prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), there is nothing to cumulate because Hill has only shown one possible instance of ineffective assistance of counsel.

cc: Hon. Jacqueline M. Bluth, District Judge
Terrence M. Jackson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk