# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN VERNON FIELDS,
Appellant,
vs.
E.K. MCDANIEL, WARDEN,
Respondent.

No. 67447

**FILED**

FEB 1 0 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant John Fields' postconviction petition for a writ of habeas corpus. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

Fields contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to transmit certain exhibits to this court on appeal from his judgment of conviction. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

On appeal from his judgment of conviction, Fields challenged the trial court's decision to admit evidence of a prior bad act. This court noted that Fields did not transmit certain related exhibits, which limited our review, but that the record was sufficient to review the claim. *Fields*

SUPREME COURT
OF
NEVADA

(O) 1947A

16-04401

*v. State*, 125 Nev. 785, 790, 220 P.3d 709, 712 (2009). This court evaluated the claim and concluded that the prior bad act was admissible as evidence of motive, intent, knowledge, and identity, and that the risk of unfair prejudice did not substantially outweigh its probative value. *Id.* at 794, 220 P.3d at 715. In his postconviction petition, Fields asserted that this court would have reached a different conclusion had appellate counsel transmitted the referenced exhibits. The district court conducted an evidentiary hearing, where appellate counsel testified that he did not include some exhibits because he did not believe they were necessary and did not include another exhibit because he believed it would have been more harmful than helpful. The district court denied the petition.

Fields fails to demonstrate that the district court erred. Fields does not explain how counsel's decisions regarding which exhibits to include in the record on appeal were objectively unreasonable. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (explaining that strategic decisions are virtually unchallengeable). Moreover, Fields does not explain how the outcome of his claim would have been different had counsel transmitted the exhibits, and we reject his suggestion that he was prejudiced *per se* because his wife included the exhibits in her appeal and obtained relief on a similar issue.[1] We note that the joint appendix submitted in this case does not include the entire trial transcripts. Therefore, even assuming that appellate counsel was deficient, Fields fails to demonstrate that the result of his appeal would have been different. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The

---

[1]Fields was charged with conspiracy to commit murder whereas his wife was not.

burden to make a proper appellate record rests on appellant."). For these reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Alvin R. Kacin, District Judge
Lockie & Macfarlan, Ltd.
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk