# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN WAYNE CRAWLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67477



FILED

OCT 13 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Appellant Bryan Wayne Crawley contends that the district court erred by denying his petition, which raised claims of ineffective assistance of trial and appellate counsel, and by doing so without conducting an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to appellate counsel). We give deference to the district court's factual findings if supported by

substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Crawley contends that appellate counsel was ineffective for failing to raise an argument "based on the inherent unfairness of the State's witness and decedent's immediate family's payment in exchange for testimony against [him]." Although he mentions two witnesses who purportedly testified against him after receiving payment from the murder victim's family, his arguments regarding what appellate counsel should have argued are not clear. Therefore, we conclude that he fails to demonstrate that the district court erred.

Second, Crawley contends that trial counsel was ineffective for failing to challenge the testimony of a substitute medical examiner. At the evidentiary hearing, counsel testified that he made a strategic decision not to challenge the testimony because the theory of defense was that Crawley did not kill the victim and how the victim died was not relevant to that defense. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (observing that "trial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances" (internal quotation marks omitted)). Crawley fails to explain how this decision was objectively unreasonable or how the result of trial would have been different had the medical examiner who conducted the autopsy testified instead of the substitute. Therefore, we conclude that he fails to demonstrate that the district court erred.

Third, Crawley contends that trial counsel was ineffective for failing to lodge a hearsay objection when the murder victim's son testified

(O) 1947A

that he had heard, but had not seen, that his father kept large sums of money in his safe, including $500 bills. The district court determined that a hearsay objection would have been unsuccessful as the question inquired into the witness's personal knowledge and the answer indicated that the witness did not have personal knowledge. Crawley fails to explain how the district court's decision was erroneous or how the result of trial or sentencing would have been different had counsel successfully excluded the testimony. Therefore, we conclude that he fails to demonstrate that the district court erred.

Fourth, Crawley contends that appellate counsel was ineffective for failing to argue that the trial court erroneously excluded evidence regarding the sentence received by Crawley's coconspirator at the penalty phase pursuant to *Flanagan v. State*, 107 Nev. 243, 248, 810 P.2d 759, 762 (1991), *vacated on other grounds by Flanagan v. Nevada*, 503 U.S. 931 (1992). The district court determined that the reliance on *Flanagan* was misplaced because Crawley's coconspirator negotiated a guilty plea agreement to a reduced charge whereas Crawley did not. Crawley does not explain how the district court's conclusion was erroneous or how the result of his appeal would have been different had appellate counsel raised this claim. Therefore, we conclude that he fails to demonstrate that the district court erred.[1]

---

[1]Crawley also contends that appellate counsel was ineffective for failing to argue that the trial court judge was biased at sentencing. His contention is not supported by any legal authority or cogent argument and

*continued on next page . . .*

Fifth, Crawley contends that counsel's errors, considered cumulatively, warrant relief. Because we have found no error there is nothing to cumulate.

We conclude that the district court did not err by denying Crawley's petition, and we

ORDER the judgment of the district court AFFIRMED.

_____Cherry_____, J.
Cherry

_____Douglas_____, J.
Douglas

_____Gibbons_____, J.
Gibbons

cc:    Hon. Adriana Escobar, District Judge
       Law Office of Kristina Wildeveld
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

*. . . continued*
therefore we decline to consider it. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 7 (1987).

