# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID MICHAEL PELLEGRINI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71479

FILED

DEC 14 2017

CLERK ...
BY ...
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant David Michael Pellegrini's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge. Pellegrini argues that he received ineffective assistance of trial and appellate counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466

17-43208

U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

Pellegrini first argues that trial counsel should have objected to the jury instruction that distinguished sentences of life with and without the possibility of parole and forbade speculation regarding commutation.[1] Counsel's strategic decisions are virtually unchallengeable, *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004), and substantial evidence supports the district court's finding that penalty-hearing counsel made a strategic decision to use the instruction reflecting the law that applied when Pellegrini committed the offense in 1986, as counsel testified regarding this decision during the evidentiary hearing. Pellegrini's reliance on *Geary v. State*, 112 Nev. 1434, 930 P.2d 719 (1996), and *Sonner v. State*, 114 Nev. 321, 955 P.2d 673 (1998), to show that counsel's performance was deficient is misplaced, as those cases saliently addressed capital sentencing and the risk that jurors would sentence a defendant to death because they were misled that a death sentence would be the only way to prevent a defendant's release on parole. *See Geary*, 112 Nev. at 1443, 930 P.2d at 726 (noting that the error was compounded where the parties failed to convey that the defendant was likely ineligible for parole under NRS 213.1099(4)); *see also*

---

[1]To the extent that Pellegrini challenges the instruction itself, that claim should have been raised, if at all, on direct appeal, and is waived. *See* NRS 34.810(1)(b)(2); *Pellegrini v. State*, 117 Nev. 860, 884, 34 P.3d 519, 535 (2001).

*Sonner*, 114 Nev. at 325-27, 955 P.2d at 676-77 (distinguishing *Geary* on its facts, framing the issue as "a false choice between sentencing a person to death or sentencing him to a limited period of incarceration," and modifying the relevant instruction for *capital* cases). As a death sentence was not available here and the jury was instead tasked with determining whether Pellegrini's life sentence would include the possibility of parole, *Geary* and *Sonner* do not control. We conclude that Pellegrini has not shown that the district court's findings are not entitled to deference or that counsel's decision was objectively unreasonable. Moreover, because he relies on distinguishable authority limited to capital penalty phases, Pellegrini has not shown that an appellate challenge on this ground had a reasonable probability of success or that appellate counsel was deficient in omitting such a claim. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (holding that appellate counsel need not raise every nonfrivolous claim). The district court therefore did not err in denying this claim.

Pellegrini next argues that trial counsel should not have conceded his guilt as to an uncharged bad act at his resentencing hearing. The district court found that counsel did not concede guilt, and substantial evidence supports this finding. This claim is accordingly belied by the record, and the district court therefore did not err in denying this claim.

Pellegrini next argues that trial counsel should have challenged as improper several statements made by the prosecution in closing argument because preserving those claims would have led to a more favorable standard when he challenged those statements on direct appeal. On direct appeal, we determined that the prosecutor did not argue inappropriately. *See Pellegrini v. State*, Docket No. 57596 (October 8, 2012). As it is the law of the case that the prosecutor's challenged statements were

not improper, *see Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975), Pellegrini has not shown that counsel was deficient in not objecting or that he was prejudiced by the adjudication of his prosecutorial misconduct claim under a more stringent appellate standard. The district court therefore did not err in denying this claim.

Lastly, Pellegrini argues that cumulative error warrants relief. Even assuming that multiple deficiencies in counsel's performance may be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009), Pellegrini has failed to demonstrate any instances of deficient performance to cumulate.

Having considered Pellegrini's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk