IN THE SUPREME COURT OF THE STATE OF NEVADA

RAFAEL CASTILLO-SANCHEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73248

FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Rafael Castillo-Sanchez's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Castillo-Sanchez argues that he received ineffective assistance from trial and appellate counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a

18-22886

preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

First, Castillo-Sanchez argues that trial counsel should have investigated a DNA report that identified his DNA on the victim. Trial counsel learned of this DNA evidence during the State's opening statement and admitted overlooking the report that the State provided earlier. Regardless of whether counsel's omission was deficient, Castillo-Sanchez has not demonstrated prejudice. Trial counsel explained during the evidentiary hearing that the defense theory was constrained by both Castillo-Sanchez's anticipated testimony that he was in the room with the victim when his son killed her in a three-person struggle and other DNA reports that counsel reviewed, indicating evidence of both his and the victim's DNA on the knives used in the killing found at the scene. In light of the overwhelming evidence of his guilt and the minor impediment that trial counsel could not argue as planned that Castillo-Sanchez was across the room from the victim rather than closer to her, Castillo-Sanchez has failed to show prejudice stemming from counsel's oversight. And to the extent that Castillo-Sanchez argues that appellate counsel was ineffective regarding this issue, he has not identified a meritorious appellate claim that counsel should have raised. *See Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995) (holding that claims of ineffective assistance generally may not be raised on direct appeal). The district court therefore did not err in denying this claim.

Castillo-Sanchez next argues that trial counsel should have proffered an insanity defense. Trial counsel explained that the defense theory proffered was a strategic decision in light of Castillo-Sanchez's anticipated testimony and his refusal to permit counsel to present a theory positing that he harmed the victim in any way. Castillo-Sanchez thus did not demonstrate deficient performance. *See Johnson v. State*, 117 Nev. 153, 163, 17 P.3d 1008, 1015 (2001) (holding that a defendant who is mentally competent to stand trial has an absolute right to preclude counsel's arguing an insanity defense); *cf. McCoy v. Louisiana*, 584 U.S. ___, 138 S. Ct. 1500 (2018) (holding that the defendant defines the ultimate objective of the defense and may insist on asserting his innocence during the penalty phase notwithstanding overwhelming evidence of guilt). Castillo-Sanchez has not shown extraordinary circumstances warranting a challenge to trial counsel's strategic decision. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). Castillo-Sanchez misplaces his reliance on caselaw regarding counsel's failure to evaluate a defendant's competence, as his competence was evaluated multiple times and counsel raised this issue before the trial court. The district court did not err in denying this claim.

Castillo-Sanchez next argues that trial and appellate counsel should have challenged the State's DNA expert's testimony about her laboratory's review procedures as inadmissible hearsay. The expert testified about how other technicians in her laboratory reviewed her work in the course of their ordinary supervisory procedures but did not restate any out-of-court statements made by herself or any other person. Castillo-Sanchez therefore has not demonstrated that the testimony was hearsay. *See* NRS 51.035. As a hearsay challenge was futile, neither trial nor appellate counsel were ineffective in omitting it. *See Ennis v. State*, 122

Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.

Castillo-Sanchez next argues that trial and appellate counsel should have challenged the district court's failure to record every bench conference. Castillo-Sanchez fails to identify the substance of any matter that was discussed and not preserved for the record. Further, as trial counsel made a record outside of the presence of the jury when an issue of apparent importance arose, the record undercuts the suggestion that significant matters were not preserved. As Castillo-Sanchez has failed to substantiate his claim that material issues were omitted from the record and trial counsel was able to preserve matters for the record as requested, Castillo-Sanchez has failed to show that either trial or appellate counsel were deficient or that he was prejudiced by their omitting a challenge on this basis. *See Daniel v. State*, 119 Nev. 498, 508, 78 P.3d 890, 897 (2003) (holding that reversal is warranted where "the subject matter of the missing portions of the record was so significant that the appellate court cannot meaningfully review an appellant's contentions of error and the prejudicial effect of any error," not for merely failing to record part of the proceedings). The district court therefore did not err in denying this claim.

Castillo-Sanchez next argues that appellate counsel should have challenged the jury instructions on implied malice, premeditation, and equal and exact justice. As this court has held the language used in the implied-malice instruction, *see Leonard v. State*, 117 Nev. 53, 78-79, 17 P.3d 397, 413 (2001), the premeditation instruction, *see Byford v. State*, 116 Nev. 215, 237, 994 P.2d 700, 714 (2000), and the equal-and-exact-justice instruction, *see Leonard v. State*, 114 Nev. 1196, 1209, 969 P.2d 288, 296 (1998), is not improper, we conclude that Castillo-Sanchez has failed to

show that appellate counsel was ineffective in failing to raise these futile challenges. The district court therefore did not err in denying this claim.

Lastly, Castillo-Sanchez argues that the cumulative effect of counsel's deficient performance warrants relief. Even assuming that multiple deficiencies in counsel's performance may be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009), Castillo-Sanchez has shown only one potential instance of deficient performance by trial counsel and a single instance of deficiency cannot cumulate, *see United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000). The district court therefore did not err in denying this claim.

Having considered Castillo-Sanchez's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:  Hon. Kathleen Delaney, District Judge
     Christopher R. Oram
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk