# IN THE SUPREME COURT OF THE STATE OF NEVADA

HARRISTON LEE BASS, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70934

FILED

JUL 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Harriston Lee Bass, Jr.'s postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. Bass argues that he received ineffective assistance of trial and appellate counsel. We disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State,* 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must show both prongs of the inquiry, *Strickland,* 466 U.S. at 697, demonstrating the underlying facts by a preponderance of the evidence, *Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). As to the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all

SUPREME COURT
OF
NEVADA

(O) 1947A

18-27714

significant decisions. *Strickland*, 466 U.S. at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Bass argues that trial counsel should have investigated more thoroughly and was prevented from doing so by an unrelated family emergency. Trial counsel moved for a continuance immediately before the trial commenced, and the trial court denied the motion. At the evidentiary hearing, counsel testified that he would have opened a bag of prescription drugs recovered from the victim's residence, obtained a toxicology expert, better prepared the expert he retained, and better executed his objections and cross-examinations during trial. Trial counsel did not testify how and Bass has not shown that these actions would have led to a reasonable probability of a different outcome. Bass objected to admitting the bag of drugs during his preliminary hearing and has not shown extraordinary circumstances warranting a challenge to this tactical decision or to counsel's tactical decisions in objecting and cross-examining. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). Bass's retained expert rebutted the State's experts and supported the challenge to the State's cause-of-death theory that constituted the core of the defense strategy. Bass has failed to show that counsel's performance was objectively unreasonable regarding these matters, rather than merely colored by the "distorting effects of hindsight," *see Strickland*, 466 U.S. at 689, or that he was prejudiced on this basis. The district court therefore did not err in denying this claim.

Bass next argues that trial counsel should have obtained additional and better experts. Substantial evidence supports the district court's finding that counsel made a strategic decision in retaining the expert

 

used at trial, who rebutted the State experts' interpretation of the autopsy and toxicology report and posited that the decedent died alternatively of heart disease or as a side effect of an unrelated cardiotoxic medication. In proposing that he could have retained a more effective expert on the cardiotoxic medication, Bass has failed to show extraordinary circumstances warranting a challenge to counsel's strategic decision. *See Lara*, 120 Nev. at 180, 87 P.3d at 530; *see also Hinton v. Alabama*, 571 U.S. 263, 134 S. Ct. 1081, 1089 (2014) (holding that the selection of an expert witness made after investigating the law and facts is the paradigmatic example of a strategic choice that is virtually unchallengeable and declining to weigh the relative merits of experts hired and those that might have been hired). The district court therefore did not err in denying this claim.

Bass next argues that trial counsel should have moved to sever the murder charge from the remaining 55 drug-related charges. A motion to sever would have been futile, and neither was trial counsel deficient nor was Bass prejudiced by counsel's omitting a futile motion. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The charges were properly joined in a single proceeding because they were based on multiple acts that were connected together as well as part of a common plan. *See* NRS 173.115(1)(b); *Rimer v. State*, 131 Nev. 307, 321, 351 P.3d 697, 708 (2015). They were connected together as evidence of each would be admissible as other-bad-act evidence. In particular, evidence of the drug-related charges was relevant to Bass's plan to sell the controlled substances that ultimately killed the victim without suggesting an improper propensity. *See* NRS 48.045(2); *Rimer*, 131 Nev. at 322, 351 P.3d at 708-09. Relatedly, the charges were part of a common plan because each arose from Bass's pursuit of his goal of selling controlled substances without a proper

license. *See Farmer v. State*, 133 Nev., Adv. Op. 86, 405 P.3d 114, 120 (2017). Further, manifest prejudice compelling severance was not present when all of the charges were supported by strong evidence and consolidation did not bolster any weaker charge. *See Rimer*, 131 Nev. at 324, 351 P.3d at 709-10. Accordingly, the district court did not err in denying this claim.

Bass next argues that trial counsel should not have invited a prosecution witness to comment about Bass's invocation of his right to remain silent pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). When asked whether the witness had consulted Bass regarding the organization of his files, the witness stated that she had not because Bass had invoked his *Miranda* rights at that time. Neither party elicited further testimony or made any argument on this issue. As a mere reference to a defendant's election to remain silent, absent more, does not compel reversal and Bass has failed to show that this fleeting comment had any impact on the trial, *see Edwards v. State*, 90 Nev. 255, 263, 524 P.2d 328, 334 (1974), we conclude that Bass has failed to show that counsel's question was objectively unreasonable or that he was prejudiced thereby. The district court therefore did not err in denying this claim.

Bass next argues that trial and appellate counsel should have challenged the State's burden shifting in its rebuttal argument. Defense counsel highlighted in closing that the State did not call a technician from the laboratory that performed the toxicology analysis. In rebuttal, the State remarked that Bass could have called the technician had he wished to elicit that testimony. This comment was improper. *See Barron v. State*, 105 Nev. 767, 778, 783 P.2d 444, 451 (1989). Nevertheless, Bass has failed to show prejudice from an omitted trial objection that would merely have led to this argument being stricken but would not have negated the independent

(O) 1947A

corroborating evidence showing the presence of hydrocodone in the victim's body, as the toxicology expert's subsequent test of the victim's liver found hydrocodone metabolite just as the laboratory's first test of the victim's blood had done. *See id.* at 777, 783 P.2d at 451. And Bass was likewise not prejudiced by an omitted appellate claim of prosecutorial misconduct, as the improper comment was insufficiently significant when weighed against the considerable evidence supporting Bass's guilt and the separate evidence corroborating this test result to affect Bass's substantial rights. *See Valdez v. State,* 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved claims of prosecutorial misconduct for harmless error). Accordingly, counsel were not ineffective in omitting claims that lacked a reasonable probability of effecting a different outcome. The district court therefore did not err in denying this claim.

Bass next argues that trial and appellate counsel should have challenged evidence introduced in violation of his First Amendment right to the free exercise of religion. A State investigator testified about a closet in Bass's house set up like a shrine, with a photograph of Bass and a candle, that was searched when investigating the residence for evidence of Bass's mobile medical practice. Bass testified that the area was his wife's prayer room. Bass has failed to show that testimony implying that he and his wife had unspecified religious beliefs in any way infringed on his religious exercise, particularly where the record is silent as to the content of those beliefs. *Cf. Williams v. Morton,* 343 F.3d 212, 217 (3d Cir. 2003) (observing that the mere assertion of religious belief does not implicate free-exercise protections); *Flanagan v. State,* 112 Nev. 1409, 1417-18, 930 P.2d 691, 696 (1996) (observing First Amendment protection against admission of evidence of beliefs, the content of which was clearly religious). Accordingly,

Bass has failed to show that a First Amendment objection at trial or on appeal was not futile, and counsel were not ineffective in omitting them. The district court therefore did not err in denying this claim.

Bass next argues that appellate counsel should have challenged the medical examiner's testimony regarding toxicology analysis conducted by a third party on Confrontation Clause grounds after the trial court overruled counsel's contemporaneous objection.[1] The medical examiner testified as to the concentration of hydrocodone metabolite that the toxicology analysis found in the victim's blood. The toxicology report was not admitted, and its findings were proffered only to the extent of reciting its concentration evidence. The threshold determination in evaluating a Confrontation Clause claim is whether the statement was testimonial, that is, whether an objective witness would reasonably believe that the report would be available for use at a later trial. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310-11 (2009); *Vega v. State,* 126 Nev. 332, 339, 236 P.3d 632, 637 (2010). This determination turns on whether a statement has "'a primary purpose of creating an out-of-court substitute for trial testimony.'" *Bullcoming v. New Mexico*, 564 U.S. 647, 669 (2011) (Sotomayor, J., concurring in part) (quoting *Michigan v. Bryant*, 562 U.S. 344, 358 (2011)). Unlike a test to determine whether a white powder was cocaine as suspected, *Melendez-Diaz*, 557 U.S. at 308, blood tested for its alcohol content where a DUI was suspected, *Bullcoming*, 564 U.S. at 661-62, or tests pursuant to a police investigation of a suspected sexual assault, *Vega*,

---

[1]To the extent that Bass raised this claim independently of his claim of ineffective assistance, the claim should have been raised, if at all, on direct appeal and is waived absent a showing of good cause and actual prejudice, which he has not made. *See* NRS 34.810(1)(b)(2); NRS 34.810(3).

126 Nev. at 339, 236 P.3d at 637, the toxicology analysis here was not performed in contemplation of criminal proceedings, but rather for the routine purpose of determining cause of death in a suspected accidental overdose from prescription drugs, *compare United States v. James*, 712 F.3d 79, 97-99 (2d Cir. 2013) (holding that toxicology report was nontestimonial where produced for coroner's routine duty of determining cause of death, substantially before criminal investigation had begun, and without the primary purpose of creating a record for later use at trial), and *State v. Mattox*, 890 N.W.2d 256, 266-67 (Wis. 2017) (same), *with Wood v. State*, 299 S.W.3d 200, 209-10 (Tex. Ct. App. 2009) (holding that, while not all autopsy reports are testimonial, the subject autopsy report was testimonial where the circumstances were suspicious and police suspected homicide). The record here shows that a crime was not initially suspected and that the toxicology analysis lacked the requisite primary purpose in order to be testimonial: the medical examiner testified that he requested the toxicology analysis in the course of a routine autopsy into a suspected accidental death where no criminal conduct was anticipated, and the coroner's investigator who responded to the scene described that she and the responding police officer disposed of drugs found near the victim that they would have retained had they suspected criminal wrongdoing.[2] As a confrontation

---

[2]Even if the statement had been testimonial, its admission would have been harmless, *see Medina v. State*, 122 Nev. 346, 355, 143 P.3d 471, 476-77 (2006), as the specific concentration of the hydrocodone metabolite served only to support the medical examiner's permissible independent conclusion that the concentration was within a lethal range, *see Vega*, 126 Nev. at 340, 236 P.3d at 638 (holding that expert's independent opinion did not violate the Confrontation Clause even though the reports it was based upon did). Absent this conclusion interpreting the concentration level, it is

challenge would have failed, Bass has failed to show that appellate counsel was deficient in omitting it or that he was prejudiced by its omission. The district court therefore did not err in denying this claim.

Bass next argues that appellate counsel should have challenged the trial court's rejection of his proposed jury instruction on mistake of fact, relying on *Honeycutt v. State*, 118 Nev. 660, 56 P.3d 362 (2002), *overruled on other grounds by Carter v. State*, 121 Nev. 759, 121 P.3d 592 (2005). Bass argued that he had a reasonable mistaken belief that he was authorized to sell controlled substances by virtue of his license to prescribe medicine. Bass's reliance on *Honeycutt* is misplaced, as that authority clearly addressed a reasonable mistaken belief of consent in a sexual assault case, not a mistaken belief of fact as to general intent offenses broadly. *See* 118 Nev. at 670-71, 56 P.3d at 368-69. As neither consent nor sexual assault were at issue, the proposed instruction was inaccurate in this context and misleading, and the trial court properly rejected it. *See Carter*, 121 Nev. at 765, 121 P.3d at 596. An appellate challenge was accordingly futile, and appellate counsel was not ineffective in omitting it. The district court therefore did not err in denying this claim.

Lastly, Bass argues that cumulative error warrants relief. Even assuming that such a claim is cognizable in a postconviction habeas context, *cf. McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Bass has established deficient performance as to only one claim, for which relief is not warranted, and a single instance of deficient performance cannot be cumulated, *see United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000). The district court therefore did not err in denying this claim.

---

highly unlikely that the jurors would place any specific weight on the recitation of the concentration amount.

SUPREME COURT
OF
NEVADA

(O) 1947A

8

Having considered Bass's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____*Pickering*_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Christopher R. Oram
       Attorney General/Carson City
       Attorney General/Las Vegas
       Clark County District Attorney
       Eighth District Court Clerk