# IN THE SUPREME COURT OF THE STATE OF NEVADA

EUGENE HOLLIS NUNNERY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70875

FILED

NOV 28 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Eugene Nunnery's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Nunnery led three other men in an armed robbery of five people at a Las Vegas parking lot, during which he shot Saul Nunez-Saustegui and Cesar Carrizales Leon, killing Nunez-Saustegui. A jury convicted Nunnery of first-degree murder with the use of a deadly weapon, two counts of attempted murder with the use of a deadly weapon, conspiracy to commit robbery, robbery with the use of a deadly weapon, and two counts of attempted robbery with the use of a deadly weapon, and sentenced him to death for the murder. This court affirmed the judgment of conviction and death sentence. *Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011). Nunnery then challenged the judgment of conviction and sentences in a postconviction petition for a writ of habeas corpus, alleging that he received ineffective assistance of counsel. The district court denied the petition without conducting an evidentiary hearing. In this appeal, Nunnery argues that the district court erred in rejecting his ineffective-assistance claims

18-906072

without an evidentiary hearing and that cumulative error warrants reversal. We affirm.

"A claim of ineffective assistance of counsel presents a mixed question of law and fact, subject to independent review," *Evans v. State*, 117 Nev. 609, 622, 28 P.3d 498, 508 (2001, but the district court's purely factual findings are entitled to deference, *Lara v. State*, 120 Nev. 177, 179, 87 P.3d 528, 530 (2004). To prove ineffective assistance, a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987-88, 998, 923 P.2d 1102, 1107, 1114 (1996). An evidentiary hearing is only required if the claims are supported by specific factual allegations, which are not belied by the record, and if true would have entitled the petitioner to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

*Ineffective assistance of trial counsel—Fetal alcohol syndrome*

Nunnery argues that trial counsel should have presented a more persuasive expert to testify that he suffered from fetal alcohol syndrome (FAS). We disagree because Nunnery did not allege sufficient facts that, if true, would establish deficient performance and prejudice.

As to counsel's performance, Nunnery failed to allege sufficient facts to overcome "the strong presumption that counsel's [decision not to present additional testimony] falls within the wide range of reasonable professional assistance." *Ennis v. State*, 122 Nev. 694, 704-05, 137 P.3d 1095, 1102 (2006) (internal quotation marks omitted); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to

evaluate the conduct from counsel's perspective at the time."). At trial, counsel presented testimony from two experts who both concluded that Nunnery likely suffered from FAS and explained how this resulted in intellectual and impulse control deficits. Counsel was not required to seek additional witnesses to provide similar testimony. *See Elam v. Denney*, 662 F.3d 1059, 1065 (8th Cir. 2011) (observing that the "failure to present cumulative evidence does not constitute ineffective assistance of counsel" (quotation marks omitted)); *see also In re Gomez*, 325 P.3d 142, 152 (Wash. 2014) (explaining that counsel is not required to search country for experts to find multiple witnesses who could provide most favorable opinion for the defense).

As to prejudice, Nunnery's reliance on the outcome in subsequent trials wherein he faced other murder charges and counsel presented different FAS testimony is misplaced. Although he was not sentenced to death in the subsequent cases, his pleadings and submitted documents do not account for any other differences in each penalty hearing.[1] For instance, in this case Nunnery made a statement at the penalty hearing in which he expressed no remorse and professed that he would commit the crime again, whereas he declined to allocute at the penalty hearings in the subsequent cases. Thus, the other penalty hearings provide little basis to evaluate prejudice with respect to the ineffective-assistance claim in this case. Furthermore, considering the significant aggravating evidence and cumulative nature of the proffered FAS testimony, Nunnery failed to allege

---

[1]The verdict forms included from the subsequent trials show that jurors in those cases found different mitigating circumstances than jurors in this case that suggest the presentation of mitigation evidence differed from the instant trial in more ways than just the additional FAS testimony.

sufficient facts to demonstrate a reasonable probability of a different outcome at the penalty hearing had counsel presented additional FAS testimony. The aggravating circumstances and the evidence supporting them were compelling. Evidence presented during the guilt phase established that Nunnery had been convicted of four violent felonies—two attempted murders, armed robbery, and attempted robbery. Also, he knowingly created a great risk of death to more than one person by shooting at multiple people in a parking lot and the murder was committed while he was engaged in a robbery. Other evidence showed that Nunnery had committed two other murders, attempted to kill a witness, injured a bystander during a shooting, engaged in drug trafficking, and committed three armed robberies. Given this evidence and Nunnery's statement, Nunnery has not alleged sufficient facts that, if true, give rise to a reasonable probability that more comprehensive, but ultimately cumulative, expert testimony on FAS would have resulted in a different outcome at the penalty hearing.[2] *See Whitton v. State*, 161 So. 3d 314, 333 (Fla. 2014) (holding that trial counsel was not deficient merely because postconviction counsel has found a more favorable expert and that cumulative evidence is not enough to demonstrate prejudice). Because the facts alleged by Nunnery are not sufficient to show deficient performance or prejudice, the district court did not err in denying this claim without conducting an evidentiary hearing.

*Ineffective assistance of trial counsel—Bifurcated penalty phase*

---

[2]Notably, one or more jurors found that Nunnery suffered from cognitive deficits often associated with FAS, but the jurors unanimously concluded that these circumstances were insufficient to outweigh the aggravating circumstances.

Nunnery contends trial counsel should not have moved to bifurcate the penalty phase. The decision to file such a motion is a tactical one entrusted to counsel, *see Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002) (recognizing that trial counsel is entrusted with decisions regarding legal tactics), and Nunnery did not allege sufficient facts to impugn that decision, *see Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989) ("Tactical decisions are virtually unchallengeable absent extraordinary circumstances."). Instead, the record indicates that counsel's decision was objectively reasonable considering the circumstances. In particular, the aggravating circumstances were based on the evidence presented and the jury's verdicts during the guilt phase, but the State planned to introduce other, unfavorable evidence in aggravation, including two other murders, an attempted murder, and several robberies. Given this context, asking the trial court to bifurcate the penalty hearing was an objectively reasonable effort to limit the jury's exposure during the presentation of aggravating circumstances to only the evidence it had already heard during the guilt phase and to ensure that the jury's weighing determination was not improperly influenced by the highly unfavorable other-matter evidence.[3]

Nunnery also did not allege sufficient facts to demonstrate prejudice. While the bifurcated hearing allowed the State argue twice relative to the separate facets of the penalty hearing, Nunnery got to respond to each argument with notably longer arguments and he has not

---

[3]During the first phase of the penalty hearing, the State introduced evidence of aggravating circumstances and Nunnery introduced evidence of mitigating circumstances. This phase ended with the jury's finding that the State had proven statutory aggravating circumstances beyond a reasonable doubt and determination that the mitigating circumstances did not outweigh those aggravating circumstances.

alleged that the State presented any more or different evidence as a result of the bifurcated proceeding. Moreover, considering the aforementioned evidence in support of the aggravating circumstances and the considerable other matter evidence, Nunnery has not demonstrated a reasonable probability of a different outcome at the penalty hearing had trial counsel not successfully requested a bifurcated proceeding. Because the facts alleged by Nunnery are not sufficient to show deficient performance or prejudice, the district court did not err in denying this claim without conducting an evidentiary hearing.

*Ineffective assistance of trial counsel—Prior bad acts*

Nunnery argues trial counsel should have objected to the admission of uncharged bad acts during the penalty hearing as there was minimal evidence to support the uncharged conduct. We disagree. First, Nunnery has not alleged sufficient facts that, if true, show deficient performance considering the district court's wide discretion to admit evidence in a capital penalty hearing, *see* NRS 175.552(3); case law providing that evidence not normally admissible during the guilt phase may be admissible during a penalty hearing, *see, e.g., Summers v. State,* 122 Nev. 1326, 1332, 148 P.3d 778, 783 (2006) (providing that hearsay is generally admissible during capital penalty hearings); *Johnson v. State,* 122 Nev. 1344, 1353, 148 P.3d 767, 774 (2006) ("Evidence of character is admissible during a penalty hearing so long as it is relevant and the danger of unfair prejudice does not substantially outweigh its probative value."), including evidence of uncharged bad acts and prior convictions, *see Gallego v. State,* 117 Nev. 348, 369, 23 P.3d 227, 241 (2001) (providing that evidence of police investigations and uncharged crimes "is admissible at a capital penalty hearing so long as the evidence is not impalpable or highly suspect"),

*abrogated on other grounds by Nunnery*, 127 Nev. 749, 263 P.3d 235; *Emil v. State*, 105 Nev. 858, 866, 784 P.2d 956, 961 (1989) (concluding that district court did not abuse its discretion in admitting testimony about prior murder conviction during penalty hearing); and the evidence that Nunnery had admitted the other robberies, such that the evidence of the uncharged crimes was not impalpable or highly suspect. In addition, considering the aggravating circumstances and other matter evidence, Nunnery did not allege sufficient facts that, if true, give rise to a reasonable probability of a different outcome at the penalty hearing had the jury not heard testimony about the other armed robberies. Accordingly, the district court did not err in denying this claim without conducting an evidentiary hearing.[4]

*Ineffective assistance of trial counsel—Failure to record bench conferences*

Nunnery argues trial counsel should have ensured that all bench conferences were recorded. Nunnery did not specify the subject matter of the unrecorded bench conferences or explain their significance. *See Daniel v. State*, 119 Nev. 498, 508, 78 P.3d 890, 897 (2003). Thus, he failed to support this claim with specific facts that, if true, would entitle him to relief. We therefore conclude that the district court did not err in denying this claim without conducting an evidentiary hearing.

*Ineffective assistance of appellate counsel*

Nunnery argues that appellate counsel should have challenged the premeditation, implied malice, and equal-and-exact-justice

---

[4]Citing *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Nunnery contends that this evidence could not be used to increase his sentence. This argument is misplaced. The challenged evidence was introduced after the jury had found the statutory aggravating circumstances that made Nunnery death-eligible and was not used to justify a sentence beyond the proscribed maximum.

instructions. We conclude that Nunnery did not show deficient performance because the district court gave the instruction on premeditation and first-degree murder set forth in *Byford v. State*, 116 Nev. 215, 236-37, 994 P.2d 700, 714-15 (2000), and counsel could not have successfully challenged the malice and equal-and-exact justice instructions. *See, e.g., Leonard v. State (Leonard II)*, 117 Nev. 53, 78-79, 17 P.3d 397, 413 (2001) (holding that the statutory language defining implied malice accurately informs the jury of the distinction between express and implied malice); *Byford*, 116 Nev. at 232, 994 P.2d at 712 (upholding malice instruction where the jury is properly instructed on the presumption of innocence); *see also Leonard v. State (Leonard I)*, 114 Nev. 1196, 1208, 969 P.2d 288, 296 (1998) (providing that where the jury has been instructed that defendant is presumed innocent and that the State bears the burden of proving guilt beyond a reasonable doubt, the equal-and-exact-justice instruction does not deny defendant the presumption of innocence or lessen burden of proof). Therefore, the district court did not err in denying this claim.

*Cumulative error*

Nunnery argues that the cumulative effect of counsel's errors rendered his conviction invalid. Even assuming that counsel's deficiencies may be cumulated for purposes of showing prejudice, *see McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 318 n.17 (2009), Nunnery failed to demonstrate any instance of deficient performance and therefore, there is nothing to cumulate. Accordingly, the district court did not err in denying this claim.

Having considered Nunnery's arguments and concluding that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Stefany Miley, District Judge
Law Office of Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A