# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ERIC FINIAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75070

**FILED**

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant James Eric Finias's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. The district court denied the petition after conducting an evidentiary hearing. Finias argues that he received ineffective assistance of trial counsel. We disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*,

*19-02839*

466 U.S. at 690. We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Finias first argues that trial counsel should have retained experts on DNA and cellphone-location evidence. Finias, however, merely speculates that such experts would have uncovered deficiencies in the methodology used by the State's experts and has not shown how a more thorough investigation would have led to a reasonable probability of a different outcome. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Decisions regarding what witnesses to call or defenses to develop are tactical decisions that rest with counsel. *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002). Here, trial counsel here consulted with an expert who he declined to present at trial. Counsel's tactical decisions are virtually unchallengeable absent a showing of extraordinary circumstances, which Finias has not made. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). The district court therefore did not err in denying this claim.

Finias next argues that trial counsel should have cross-examined the State's experts on DNA and cellphone-location evidence more effectively. Substantial evidence supports the district court's findings that counsel thoroughly cross-examined each expert, drawing particular attention to deficiencies in the police investigation and the inconclusiveness of the evidence presented to emphasize reasonable doubt as part of the defense theory of the case. Counsel's cross-examination of these witnesses entailed tactical decisions regarding the development of the defense case, and Finias has not shown deficient performance or prejudice. Finias's reliance on other cases in which deficiencies in DNA or cellphone-location

evidence merited relief is misplaced because those cases merely show that relief may be appropriate where the evidence is flawed. In contrast to those cases, Finias has not identified any similar deficiencies in the evidence presented in his case. As to Finias's argument that counsel should have challenged the experts' credentials, substantial evidence supports the district court's findings that the State's experts were highly qualified, such that an objection on this basis would have been futile. Counsel is not ineffective in omitting a futile objection. *Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.

Finias next argues that trial counsel should have compelled the State to provide discovery in a timely manner. Finias concedes that trial counsel filed five discovery motions but argues that counsel should have been more vigorous. Finias does not identify any specific action that counsel did not take that objectively reasonable counsel would have taken and does not identify any specific piece of evidence that was not timely disclosed or how any unspecified delay prejudiced him. The district court therefore did not err in denying this claim.

Finias next argues that trial counsel should have hired a jury consultant to assist during jury selection. In merely speculating that such a consultant would be beneficial without identifying any specific prospective juror that would or would not have been impaneled, Finias has not shown that counsel was objectively unreasonable in conducting voir dire without hiring a jury consultant or that he was prejudiced by its omission. *Cf. Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (concluding that a defendant cannot show prejudice if the impaneled jury is impartial). Finias's reliance on *Ake v. Oklahoma*, 470 U.S. 68, 82 (1985) (discussing the

importance of retaining a psychiatrist when an insanity defense is presented), is misplaced, as *Ake* does not address jury selection or suggest either that counsel should have hired a jury consultant or that Finias was prejudiced by that omission. The district court therefore did not err in denying this claim.

Finias next argues that trial counsel should have challenged the State's use of peremptory strikes and the qualifications of prospective jurors more vigorously. Finias again does not identify specific prospective jurors who should have been seated or stricken and thus has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim.

Finias next argues that trial counsel should have detailed the defense theory of the case in opening statement. The record belies Finias's contention that counsel did not introduce the defense case. Finias's reliance on *Buffalo v. State,* 111 Nev. 1139, 1149, 901 P.2d 647, 654 (1995), is misplaced because his counsel made an opening statement, whereas counsel in *Buffalo* did not make an opening statement in addition to not performing *many* necessary defense functions. Finias has not shown that deficient performance or prejudice in this regard. The district court therefore did not err in denying this claim.

Finias next argues that trial counsel should have impeached Detective Benjamins' testimony that the police did not interview Ms. Williams. Benjamins testified that the police initially tried to talk with Williams but the efforts were abandoned and she was ultimately not interviewed. The defense investigator's report includes Williams' statement that some unspecified police officers spoke with her but that she did not give and they did not request a statement. Williams did not testify at trial, and

postconviction counsel was unable to locate her. Decisions regarding cross-examination of a witness are tactical matters that are virtually unchallengeable, and Finias has not shown extraordinary circumstances warranting a challenge, particularly when the inaccuracy, if any, in Benjamins' testimony is how this apparently de minimis encounter between Williams and police officers was characterized. Finias has further failed to show prejudice in this regard in light of the de minimis nature of the potential inconsistency he highlights. The district court therefore did not err in denying this claim.

Finias next argues that trial counsel should have presented two witnesses who could have given exculpatory testimony. Notwithstanding that decisions regarding what witnesses to call are tactical decisions that rest with counsel, Finias abandoned this claim during the evidentiary hearing, conceding that it did not rise to the *Strickland* standard, and the district court consequently did not address it. We therefore decline to consider it. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (providing that a petitioner cannot raise a new claim on appeal that was not presented to the district court in postconviction proceeding); *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991) (holding that this court need not consider arguments raised on appeal that were not presented to the district court in the first instance), *overruled on other grounds by Means*, 120 Nev. 1001, 103 P.3d 25.

Lastly, Finias argues that multiple instances of deficient performance cumulate to show prejudice. Even assuming that multiple deficiencies may be cumulated to show prejudice under *Strickland, see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Finias has

not demonstrated any instances of deficient performance to cumulate. The district court therefore did not err in denying this claim.

Having considered Finias's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. William D. Kephart, District Judge
       Terrence M. Jackson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk