# IN THE SUPREME COURT OF THE STATE OF NEVADA

EBERTO BAUTISTA-EREDEA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78376

FILED

MAY 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus and related filings. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge. The district court denied the petition as procedurally barred and further determined that the petition lacked merit. We disagree with the district court's determination that the petition was untimely filed but conclude the district court did not err in denying the petition.

Appellant was convicted of one count of sexual assault and one count of first-degree kidnapping following a jury trial. The judgment of conviction was entered on December 14, 2009. On direct appeal, this court affirmed the sexual assault conviction but vacated the conviction for kidnapping and remanded for a new trial on that charge because the district court improperly limited the defense's cross-examination of the victim. *Bautista-Eredea v. State*, Docket No. 55178 (Order Affirming in Part, Reversing in Part and Remanding, March 21, 2012). The remittitur issued on April 16, 2012.

After the remand, appellant filed nearly identical pro se postconviction petitions for a writ of habeas corpus on February 24, 2014,

SUPREME COURT
OF
NEVADA

(O) 1947A

20-18875

and March 3, 2014. The State moved to dismiss the petitions as untimely, but the district court made no decision and the petitions were stayed pending retrial on the kidnapping count.

In August 2014, the State decided not to pursue a second trial on the kidnapping count. Consequently, the district court entered a second amended judgment of conviction on September 19, 2014, memorializing the State's decision and vacating the kidnapping count.[1]

Appellant then filed a pro se amended habeas petition on February 5, 2016. The district court subsequently appointed counsel, who filed a supplemental petition. The State filed another motion to dismiss arguing that the petition was time-barred. Without conducting an evidentiary hearing, the district court denied the petition because it was procedurally time-barred and the claims for relief lacked merit. This appeal followed.

Appellant argues that the district court erred in determining his petition is procedurally barred.[2] We agree. NRS 34.726(1) provides that a postconviction petition for a writ of habeas corpus must be filed within one year from entry of a judgment of conviction, or if an appeal is taken from the judgment of conviction, within one year from issuance of the remittitur on appeal. This court has previously held that NRS 34.726(1) contemplates a final judgment triggers the one-year period. *See Johnson v. State*, 133 Nev. 571, 573, 402 P.3d 1266, 1271 (2017). In *Johnson*, this court

---

[1]A first amended judgment of conviction had been entered previously to correct a clerical error in the original judgment.

[2]The amended petition and supplement relate back to the filing of the original pro se petition. *State v. Powell*, 122 Nev. 751, 757-58, 138 P.3d 453, 457 (2006).

determined that where a defendant's death sentence was vacated on direct appeal, the one-year period in NRS 34.726(1) did not run until the remittitur issued on appeal from the judgment entered after the new penalty hearing. *Id.* at 574, 402 P.3d at 1272. Similarly, because this court reversed the kidnapping conviction on direct appeal and remanded for a new trial, appellant's conviction was not final and therefore the one-year period was not triggered until the district court entered the second amended judgment of conviction. In this, we reject the State's argument that appellant had to litigate a petition challenging the sexual assault conviction while the kidnapping charge remained pending on remand, because that would lead to bifurcated, piecemeal postconviction proceedings in a single criminal case contrary to the Legislature's intent. *See id.* The petition was timely filed, and thus, we turn to the substantive claims for relief.[3]

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel without an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Both components of the inquiry must be shown, *id.*, 466

---

[3]In light of our decision that the petition is timely filed, we need not reach any arguments relating to good cause or a fundamental miscarriage of justice.

U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). When a postconviction petition raises claims supported by specific factual allegations which, if true, would entitle the petitioner to relief, the petitioner is entitled to an evidentiary hearing unless those claims are repelled by the record. *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

Appellant argues trial counsel did not adequately investigate, obtain, and use police reports relating to the victim dated before trial (June 8, 2009, and May 21, 2009) and after the trial (December 23, 2009, April 6, 2013, July 13, 2013, and July 16, 2013). Appellant argues that these reports bear directly on the victim's credibility and demonstrate that she falsely claimed to be the victim of a sexual assault or attempted sexual assault on multiple occasions. Appellant fails to demonstrate deficient performance or prejudice. Trial counsel cannot be deficient for not finding or using police reports that were generated about events occurring after trial.[4] *See Strickland,* 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct,

---

[4]To the extent appellant argues that trial counsel should have obtained these reports for the retrial, trial counsel cannot be ineffective for not obtaining evidence for a trial that never took place. And trial counsel is not ineffective for failing to obtain evidence for a postconviction motion for a new trial because there is no statutory or constitutional right to the appointment of counsel to pursue a motion under NRS 176.515(2). *See generally Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014) (recognizing there can be no deprivation of the right to the effective assistance of counsel where there is no right to counsel).

and to evaluate the conduct from counsel's perspective at the time."). Appellant concedes trial counsel obtained the police reports predating the trial, and in fact, trial counsel cross-examined the victim about whether she lied to the police about the incident memorialized in the May 21, 2009, police report.[5] Appellant has not demonstrated prejudice based on counsel's failure to use the June 8, 2009, police report because any relevance related to the vacated kidnapping count, and he does not show a reasonable probability that use of the June 2009 incident would have changed the outcome as to his conviction for sexual assault.[6] Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Next, appellant argues that trial counsel should not have conceded that acts of prostitution were inadmissible. Appellant asserts that acts of prostitution were relevant to show untruthfulness and "'knowledge and absence of mistake' regarding [the victim's] participation in sexual activity." Appellant further asserts that trial counsel could have used this evidence to support a theory that the victim made-up the allegations after appellant refused to pay her for sex and to show she lied about being the victim of a sex crime. Appellant has not demonstrated deficient performance or prejudice. On appeal, this court determined that evidence of prostitution in the May 21, 2009, police report was not admissible "to support an inference that, having consented to sex as a prostitute on

---

[5]The district court granted the State's motion in limine regarding the statement of prostitution in the May 21, 2009, police report. On appeal, this court determined that this was not error. *Bautista-Eredea v. State*, Docket No. 55178, Order at 10-13.

[6]The June 8, 2009, police report does not contain even an inference of a false allegation of sexual assault. Rather, it is a lost property report involving the victim getting into a vehicle with strangers.

another occasion, [the victim] likely consented to the sexual encounter(s) between her and [appellant]." *Bautista-Eredea*, Docket No. 55178, Order at 12. Thus, trial counsel was not deficient for conceding this point. Further, as appellant did not testify that sex with the victim was for payment, counsel was not deficient in failing to present evidence to support a theory that the victim accused appellant of sexual assault as revenge for nonpayment. *Cf. Cox v. State*, 102 Nev. 253, 255-56, 721 P.2d 358, 360 (1986) (holding it was error for the district court not to allow evidence the complainant had applied for an escort license after the offense because it was not offered to prove consent and it was relevant to the defense theory that the complainant offered sex for money and made-up the allegation to extort money). Appellant further fails to demonstrate that there was a reasonable probability of a different outcome at trial had trial counsel not conceded the point. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Next, appellant argues trial counsel was ineffective for agreeing that the State could comment on appellant's post-arrest silence and should have objected to questions that violated attorney-client privilege. Appellant has not demonstrated deficient performance or prejudice. Trial counsel's decision to allow the State to comment on the post-arrest silence, discussed briefly on the record, was strategic, and appellant has not shown extraordinary circumstances warranting a challenge to that decision. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (recognizing that strategic decisions will be virtually unchallengeable absent extraordinary circumstances); *see also Strickland*, 466 U.S. at 689 (recognizing that review of counsel's performance is "highly deferential" and that "[t]here are countless ways to provide effective assistance in any given case"). Appellant

has not demonstrated a reasonable probability of a different outcome without the comments on post-arrest silence in light of the substantial evidence of guilt, including the victim's testimony. Further, as this court determined that the State's question about exchanges between appellant and his counsel did not amount to plain error or result in substantial prejudice, appellant has likewise not demonstrated a reasonable probability of a different outcome had counsel objected to the State's question.[7] Therefore, we conclude that the district court did not err in denying this claim without an evidentiary hearing.

Next, appellant argues the district court erred in denying his claim that the State withheld evidence that the victim falsely claimed to be a victim of sexual assault on numerous occasions. *Brady v. Maryland* requires the State to disclose material evidence that is favorable to the defense. 373 U.S. 83, 87 (1963); *see also Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000) ("[T]here are three components to a *Brady* violation: the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material."). The district court concluded that the State had not withheld the police reports at issue. We agree. Appellant conceded his trial counsel received the police reports regarding the incidents

---

[7]This court observed that appellant's "response about his exchanges with his attorneys was ambiguous, arguably not solicited by the question he was asked, and quite brief." *Bautista-Eredea*, Docket No. 55178, Order at 18. We further conclude that appellant has not demonstrated that the State's question amounted to burden-shifting, and thus, he has not demonstrated his counsel was ineffective in this regard.

that occurred before the trial.[8] And at the time of the trial, the State could not have withheld police reports for incidents that occurred *after* the trial. Any failure to disclose this evidence after the remand on appeal would not be a *Brady* violation because there was no second trial and therefore no way to assess the evidence's materiality.[9] *See Mazzan*, 116 Nev. at 66, 993 P.2d at 36 (defining materiality as a reasonable probability (or possibility, if there was a specific request) that the result of the trial would have been different if the evidence had been disclosed). Moreover, regarding the post-trial incidents, *Brady* is the wrong framework. *See Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009) (concluding that "*Brady* is the wrong framework" to address any disclosure obligation in the postconviction setting because the liberty interest is not the same after a conviction and the State therefore has "more flexibility in deciding what procedures are needed in the context of postconviction relief"). Therefore, the district court did not err in denying this claim.[10]

Finally, appellant argues that he is actually innocent of sexual assault because police reports show that following the trial the victim made false allegations of sexual assault. We determine no relief is warranted at

---

[8]To the extent that appellant alleges he did not have a call log which included a notation of prostitution associated with a June 2009 police report, this evidence would not have been admissible as discussed above, and most importantly, would not have supported appellant's premise that withheld evidence contained a false allegation of sexual assault. As such, the evidence was not material.

[9]Appellant mistakenly frames the *Brady* violation as impacting his ability to litigate a motion for a new trial for the reasons discussed below.

[10]We need not reach appellant's additional arguments about the materiality of the post-trial incidents.

this time on a claim of actual innocence. A gateway claim of actual innocence is unavailable in this case because appellant's petition was not procedurally barred. *See Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (describing gateway claim of actual innocence). And we have previously questioned whether a freestanding claim of actual innocence can be raised in a postconviction petition for a writ of habeas corpus, *see Berry v. State*, 131 Nev. 957, 966 n.2, 967 n.3, 363 P.3d 1148, 1154 nn. 2, 3 (2015) (noting that it is not clear whether a free-standing claim of actual innocence may be raised in a postconviction petition for a writ of habeas corpus). The Legislature, however, has recently created a new mechanism for a person who has been convicted to assert his or her factual innocence based on newly discovered evidence. *See* NRS 34.900-.990. In light of the new remedy, we decline to consider appellant's freestanding claim of innocence as he may raise this claim in a petition filed pursuant to NRS 34.900.[11] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Stiglich                                            Silver

cc:    Hon. Mary Kay Holthus, District Judge
       Gaffney Law
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[11]We express no opinion as to whether appellant can satisfy the requirements of a factual-innocence petition.