# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL SYLVESTER PORTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81276

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Daniel Porter argues that the district court erred in denying his claims of ineffective assistance of trial and appellate counsel, without an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that, but for counsel's errors, there is a reasonable probability of a different outcome in the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. A petitioner is entitled to an evidentiary hearing when the claims asserted are supported by "specific factual allegations that are not belied or repelled by the record and that, if true, would entitle [the petitioner] to relief." *Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

SUPREME COURT
OF
NEVADA

(O) 1947A

21-32365

First, Porter argues that counsel should have further investigated and challenged the DNA evidence by retaining a defense expert. Porter has not demonstrated deficient performance or prejudice. On the first day of trial, Porter stated he and counsel discussed retaining a defense expert to challenge the DNA evidence but counsel stated that he had reviewed the DNA and did not see any discrepancies. Thus, the record shows counsel considered retaining an expert and supports the district court's conclusion that counsel made a strategic decision not to do so. Porter has not demonstrated extraordinary circumstances that undermine counsel's strategic decision. *See Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (explaining that the court is "required not simply to give the attorneys the benefit of the doubt, but to affirmatively entertain the range of possible reasons [a petitioner's] counsel may have had for proceeding as they did" (internal quotation marks, alterations, and citations omitted)); *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (holding that counsel's strategic decisions are "virtually unchallengeable absent extraordinary circumstances" (internal quotation marks omitted)). Porter does not argue, nor has he alleged sufficient facts to demonstrate, that independent expert testing would have yielded different results. Further, to the extent Porter challenges counsel's alleged failure to investigate the qualifications of the State's expert or the process of the DNA testing, he only claims that errors might have been discovered. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (providing that a claim must be supported by specific factual allegations that would entitle the petitioner to relief if true); *see also Evans v. State*, 117 Nev. 609, 645, 28 P.3d 498, 522 (2001) (recognizing that a petitioner alleging ineffective assistance of counsel for failure to procure expert testimony must "allege specifically

what the[ ] expert[ ] could have done to make a different result reasonably probable"), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 366 n.5, 351 P.3d 725, 732 n.5 (2015). And Porter has not demonstrated a reasonable probability of a different outcome had trial counsel pursued this line of investigation considering the overwhelming evidence of guilt, including the victim's identification of Porter as her assailant, her description of the assailant's vehicle that matched Porter's, and the recovery of the victim's stolen property from his residence. The district court therefore did not err in denying this claim without an evidentiary hearing.

Second, Porter argues that trial counsel should have objected to arguments by the prosecutor that misstated the evidence, asked the jury to uphold community standards, and invited the jury to place themselves in the victim's position; additionally, he contends that appellate counsel should have raised this issue. Porter has not shown deficient performance or prejudice. First, the prosecutor did not misstate the evidence by arguing that medical testimony supported the victim's story. *See Miller v. State*, 121 Nev. 92, 100, 110 P.3d 53, 59 (2005) ("[T]he prosecutor may argue inferences from the evidence and offer conclusions on contested issues." (internal quotation marks omitted)). Next, the prosecutor did not improperly argue the jurors, as members of the community, were obligated to return a guilty verdict; rather, the prosecutor argued that everyone in a civil society needs to be held accountable for their decisions. *Cf. Collier v. State*, 101 Nev. 473, 479, 705 P.2d 1126, 1130 (1985) (disapproving of a prosecutor "blatantly attempt[ing] to inflame a jury by urging that, if they wish to be deemed 'moral' and 'caring,' then they must approach their duties in anger and give the community what it 'needs': '[t]he chance to see that this killer gets what he deserves'"). Last, the prosecutor did not make an improper golden rule

SUPREME COURT
OF
NEVADA

(O) 1947A

argument. Taken in context, the prosecutor discussed the embarrassing aspects of what the victim underwent during the investigation and trial in order to argue that she had no motive to fabricate her story. *Cf. McGuire v. State*, 100 Nev. 153, 157, 677 P.2d 1060, 1064 (1984) (holding that prosecutor's remarks imploring jurors to place themselves in the victim or victim's families' position were improper). Because there was no prosecutorial misconduct, trial and appellate counsel did not have to object or raise the issue on appeal in order to provide effective assistance. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."); *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114 (recognizing that appellate counsel is not ineffective for declining to raise meritless issues). Porter further has not demonstrated a reasonable probability of a different outcome had trial counsel objected to any of these arguments given the overwhelming evidence of guilt discussed above. The district court therefore did not err in denying this claim without an evidentiary hearing.

Third, Porter argues that counsel should have objected to expert testimony regarding the collection of fingerprint evidence that fell outside of the witness's expertise. At trial, a crime scene analyst testified that fingerprints could not be taken from the victim's makeup bag because "[i]t seemed like it had been wiped down." Porter fails to show deficient performance or prejudice. The State noticed the analyst as an expert in the "collection and preservation of evidence." We conclude that the analyst did not exceed the scope of her qualifications when testifying about her observations while processing the crime scene and why she did not collect fingerprints from the makeup bag. Accordingly, an objection by counsel would have been futile. *See* NRS 50.275 (providing the scope of expert

(O) 1947A

testimony); *Ennis*, 122 Nev. at 706, 137 P.3d at 1103 ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). And Porter did not demonstrate that there was a reasonable probability of a different outcome given the overwhelming evidence of guilt and the fact that the jury already heard the victim's testimony that Porter wiped down areas within the vehicle that he touched.[1] The district court therefore did not err in denying this claim without an evidentiary hearing.

Fourth, Porter argues cumulative error. Even assuming that multiple errors may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 318 n. 17 (2009), Porter has not shown any instances of deficient performance to cumulate.

Finally, Porter argues that the district court erred in denying his request for postconviction funds to retain an expert to review the DNA evidence. Porter's request asserted that he needed a forensic expert to review the evidence for unspecified potential errors in the State's expert's conclusions. The district court made a preliminary determination that Porter had not made a sufficient showing that he needed an expert but the district court stated it would reconsider the issue and afforded Porter the opportunity to supplement his request. While Porter filed a supplemental petition with additional argument, he did not renew his request for postconviction expert funds or ask the district court to reconsider the issue. Thus, we discern no abuse of discretion. *See State v. Second Judicial Dist.*

---

[1]Although the victim could not specifically remember Porter wiping down the makeup bag, she testified that Porter used sanitary wipes to clean the vehicle's door and glove compartment.

*Court*, 85 Nev. 241, 245, 453 P.2d 421, 423-24 (1969) (reviewing decisions regarding funding defense experts for abuse of discretion).

Having concluded that Porter is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Cadish                                Gibbons

cc:    Chief Judge, Eighth Judicial District Court
       Department 21, Eighth Judicial District Court
       Gaffney Law
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA